UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGAN ADAM REYNOLDS,

    Plaintiff,    Case No. 1:13-cv-456

v.    Honorable Paul L. Maloney

DANIEL HEYNS et al.,

    Defendants.
                /

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Regan Adam Reynolds is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF). He sues MDOC Director Daniel Heyns and the following employees of DRF: Warden Willie Smith, Assistant Resident Unit Supervisor (ARUS) Jerry Remelts, Grievance Coordinator Sandy Duncan, Business Manager John Simon, Administrative Assistant Jacque Koenigsknecht, Correctional Officer Carol Wilson, and an unknown correctional officer identified as "John Doe." (Compl., docket #1, Page ID#3.)

In his *pro se* complaint, Plaintiff alleges that on April 3, 2012, he received a $300.00 deposit into his inmate trust account. The MDOC then removed $125.00 from his account to pay for court-ordered "victim restitution," and another $125.00 to pay for "court ordered charges," leaving him with $50.00. (*Id.*, Page ID#3.) Thus, for the month of April 2012, the MDOC deducted all of the funds that he received over $50.00. The same thing happened again a few months later. On October 9, 2012, Plaintiff received a $50.00 deposit into his account. On October 12, 2012, Plaintiff received a deposit of $33.48. The MDOC then removed $16.74 for victim restitution and another $16.74 for court-ordered charges. Thus, for the month of October 2012, the MDOC deducted all funds received over $50.00.

Plaintiff filed a prisoner grievance regarding the issue on April 7, 2012, claiming that the MDOC should have deducted only fifty percent of funds received over $50.00. (Ex. C to Compl., docket #1-1, Page ID#14.) The grievance was denied. Plaintiff subsequently appealed the denial of his grievance to step II and III of the grievance appeal process, but his appeals were denied.

In his complaint, Plaintiff claims that the removal of all funds over $50.00 from his prison account violated his constitutional right to due process. As relief, he seeks an injunction barring Defendants from collecting more than fifty percent of funds received per month that exceed $50.00. He also seeks compensatory and punitive damages.

**Discussion**

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Insufficient allegations**

None of the Defendants are identified in the body of the complaint as having engaged in any particular conduct. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each

defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Plaintiff's allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). As such, they are not sufficient to state a claim against Defendants.

### B. Supervisory Liability

To the extent Plaintiff claims that Defendants are liable for the conduct of other MDOC officials under their control, or for failing to remedy his complaint in response to his grievances, he does not state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendants engaged in any active unconstitutional behavior. Thus, he fails to state a claim against them.

### C. Due Process

Plaintiff asserts that Defendants violated his constitutional right to due process. His claim is subject to dismissal for the additional reason that it is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). In his grievances, which are attached to the complaint, Plaintiff asserts that prison officials did not follow state law or MDOC policy when they deducted funds from his account. (*See* Ex. J, Step III Grievance, docket #1-2, Page ID#27.) Because Plaintiff's claim is premised upon allegedly unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not and cannot meet his burden. The Sixth Circuit has found that Michigan law provides "several adequate post-deprivation remedies" to a prisoner asserting improper removal of money from his prison account. *Copeland*, 57 F.3d at 480. In a number of

cases similar to this one, the Sixth Circuit has affirmed dismissal where the inmate failed to allege and show that state law post-deprivation remedies were inadequate. *Id.* at 479-80 (money wrongly withheld from prison account); *Mowatt v. Miller*, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (misapplication of money to a deficit in prison account); *Shabazz v. Lecureux*, No. 85-2014, 1986 WL 16140, at *1 (6th Cir. Dec. 5, 1986) (illegal appropriation of money from prisoner account). Accordingly, Plaintiff fails to state a due process claim.

### D. State Law

The Court notes that Plaintiff does not expressly assert that a violation of state law or prison policy is the basis for his § 1983 claim, nor could he. Section 1983 does not provide redress for a violation of a state law or prison policies. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *see also Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007) (prison policy). Thus, to the extent Plaintiff asserts a violation of state law or prison policy as the basis for his claim, he does not state a cognizable § 1983 claim.

Moreover, although they are not dispositive for purposes of the Court's initial review, the attachments to the complaint indicate that Plaintiff's claim that prison officials improperly deducted money from his account is without merit. Plaintiff's trust account statement for October 2012 indicates that he owed $204.31 for "Victim Restitution" and $850.00 for "Court Ordered Charges." (Ex. B to Compl., docket #1-1, Page ID#11.) Plaintiff's grievance cites a Michigan statute which provides that when a prisoner is ordered to pay victim restitution, the MDOC must deduct "50% of the funds received by the prisoner in a month over $50.00 for payment of restitution [to the victim of a crime]." Mich. Comp. Laws § 791.220h(1). Also attached to the complaint is a court order dated January 25, 2012, issued by seventeenth judicial circuit court of Michigan, which

states that Plaintiff owes $850.00, "NOT INCLUDING RESTITUTION which is collected by the [MDOC] in accordance with MCL791.220h," for an obligation ordered in his judgment of sentence. (Ex. M to Compl., docket #1-2, Page ID#34.) The order also states that the MDOC must deduct "50% of all funds received by the defendant over $50.00 each month" as payment toward the court-ordered obligation. (*Id.*) In other words, Plaintiff owed two separate amounts with two separate payment obligations. The MDOC was required by law to deduct 50% of all funds received over $50.00 to satisfy the victim-restitution obligation, and it was required by a court order to deduct 50% of all funds received over $50.00 received to satisfy the court-ordered charges obligation. Together, the two deductions amounted to 100% of the money received by Plaintiff over $50.00.

Plaintiff apparently believes that both payment obligations were subject to the payment provision in Mich. Comp. Laws § 791.220h, but by its terms, that provision only applies to victim restitution. The court order makes clear that Plaintiff owed a separate amount for court-ordered charges that did not include victim restitution fees collectible under § 791.220h. Thus, contrary to Plaintiff's belief, the court-ordered charges were not subject to § 791.220h; they were subject to the specific payment provisions set forth in the court order. Consequently, in order to comply with both payment provisions, it appears that the MDOC was required to deduct 100% of the money that Plaintiff received over $50.00 each month.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: __October 7, 2013__     /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　Chief United States District Judge